The Honorable Jeffrey K. Barton Clerk of Indian River County Circuit Court Post Office Box 1028 Vero Beach, Florida 32961-1028
Dear Mr. Barton:
You ask substantially the following question:
May the clerk of the circuit court refuse to record a deed where the amount of documentary stamps placed on the deed is in excess of the consideration stated on the return?
In sum:
The clerk of the circuit court is responsible for determining whether the required amount of documentary stamps have been placed on the deed. In carrying out such function and in order to protect the integrity of the public records and to avoid participating in the use of the public records as an instrument of deception, the clerk may require that the documentary stamps placed on the deed accurately reflect the consideration paid for such property before recording such a deed in the public records.
Section 201.01, Florida Statutes, requires that the documentary stamp imposed by Chapter 201 "shall be affixed to and placed on all recordable instruments requiring documentary stamps according to law, prior to recordation." (e.s.) The amount of such taxes that must be paid before a deed conveying an interest in property may be recorded is prescribed by section 201.02, Florida Statutes. Prior to the recording of any deed transferring an interest in real property, the grantor or grantee, or agent for the grantee, must execute and file with the clerk of the circuit court a return stating "the actual consideration paid for the interest in real property."[1] The return, however,
shall not be recorded or otherwise become a public record and shall be confidential as provided by s. 193.074, and shall be exempt from the provisions of s. 119.07(1), except that the Department of Environmental Protection or, through the Department of Environmental Protection, its contract appraiser, shall have access to the return to verify the consideration paid in any transfer of an interest in real property, when such transfer is considered as part of an appraisal for a proposed land acquisition project conducted pursuant to any Department of Environmental Protection land acquisition program. The Department of Environmental Protection or its contract appraiser shall not disclose the contents of the return to any other public or private entity. The original return shall be forwarded to the Department of Revenue, and a copy shall be forwarded to the property appraiser. . . .[2]
Section 201.17, Florida Statutes, imposes criminal penalties for failure to remit the full amount of the tax owed on a particular transaction.
The amount of the documentary stamps on a document should, therefore, reflect the consideration paid for an interest in real property. However, in some cases, documentary stamps in excess of the amount statutorily prescribed have been purchased, giving the appearance that the property sold for an amount greater than the actual purchase price. Since the return stating the actual consideration paid for the interest in real property is confidential, the documentary stamps placed on a recorded deed are frequently used by private appraisers as a means of determining the consideration paid for the property.
Thus, placing excess documentary stamps on the deed can give the appearance that the value of the property interest transferred is greater than the actual amount paid. Such a practice may have the effect of inflating property values of adjoining lots in excess of their true value, resulting in innocent consumers paying inflated prices for such property.
The deceptiveness of such a practice has been condemned by the Grand Jurors of the Ninth Statewide Grand Jury, which concluded that such a practice can and does dramatically affect real estate values, particularly in unique, confined or newly developed areas.[3] Recognizing that "everyone places such reliance on these public records," the Grand Jury recommended that "their integrity be protected so as not to mislead or misinform anyone. . . .Florida's public records should not be used as an instrument of deception."[4]
While the Grand Jury recommended that, at a minimum, penalties be imposed for providing false information of any type on real estate transaction documents that are recorded and, therefore, made part of the public records, Florida law does not currently contain such a penalty.
Section 201.12, Florida Statutes, however, imposes the duty on the clerk of the circuit court to review the deed presented for filing and the return in order to determine whether the appropriate amount of documentary stamps has been paid when recording a deed into the public records:
Clerks of the circuit court shall report to the Department of Revenue the names and addresses of any and all individuals, firms, or corporations, who shall fail to have affixed either the required amount of stamps or a notation that the proper stamps and the amount of same have been paid or will be paid directly to the department on any conveyance or taxable instrument or document which may be recorded in their respective offices; and any such clerk who knowingly fails to report any such violation within 30 days after recording of any taxable instrument or document, without such stamps, shall be deemed guilty of a misdemeanor and upon conviction punished accordingly. (e.s.)
Thus, the statutes require the clerk to determine whether the required amount of documentary stamps has been placed on the deed. I am, therefore, of the opinion that the clerk, in carrying out this duty and in order to protect the integrity of the public records and to avoid participating in the use of the public records as an instrument of deception, may require that the documentary stamps placed on the deed accurately reflect the consideration paid for such property before recording such a deed in the public records.
Sincerely,
Robert A. Butterworth Attorney General
RAB/hpa
[1] Section 201.022(1), Fla. Stat. (1994 Supp.)
[2] Id.
[3] Presentment of the Ninth Statewide Grand Jury, In re: Department of Natural Resources Acquisition of State Lands, Case No. 74,094, dated February 14, 1990.
[4] Id.